[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, alleging that the trial court erred in failing to order a mistrial after defense counsel made the court aware that a juror had seen Satterfield in handcuffs, is overruled.
After the jury had been sworn in, but prior to opening statements, defense counsel informed the trial court that one of the jurors had seen Satterfield in handcuffs in the hallway of the courthouse. Defense counsel declined the trial court's offer to question the juror about the incident, opting instead for a curative instruction, which the trial court gave as part of the jury charge at the end of the case.
A defendant's right to a fair trial is not prejudiced by the use of handcuffs or shackles where the jurors' view of the defendant in custody is brief, inadvertent, and outside of the courtroom. See State v. Kidder (1987), 32 Ohio St.3d 279,513 N.E.2d 311; State v. Powers (1995), 106 Ohio App.3d 696,667 N.E.2d 32; State v. Blankenship (1995), 102 Ohio App.3d 534,657 N.E.2d 559. "The ultimate question is the degree of prejudice, if any, which such brief exposure caused." State v. Chitwood (1992),83 Ohio App.3d 443, 448, 615 N.E.2d 257, 260.
From defense counsel's description of the incident, it is clear that any glimpse of Satterfield in handcuffs was brief, inadvertent, and outside the courtroom. There is no evidence that Satterfield's right to a fair trial was prejudiced or that the brief sighting contributed in any way to the jury's verdict. Under these circumstances, we hold that the trial court did not err in failing to order a mistrial.
The second assignment of error is overruled because Satterfield has not demonstrated that his trial counsel's performance was deficient or that he was prejudiced by counsel's performance. SeeStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052.
The third assignment of error, which alleges that the trial court erred in overruling Satterfield's motion for a mistrial without conducting a hearing regarding whether the court's bailiff had improperly communicated with the jury during its deliberations, is overruled.
After the jury had rendered a verdict, defense counsel moved for a mistrial:
 What I was told was that [the bailiff] went and talked to them and was told that they were close. Obviously, it's one thing initiating contact. My understanding is while deliberating, no one is supposed to go in on them, and I'm at least uncomfortable at the very least, what's going on here.
R.C. 2945.33 prohibits an officer of the court from communicating with the jury while it is engaged in deliberations "except to ask if they have agreed on a verdict, unless he does so by court order." Crim.R. 24(G)(4) states that when the jury is entrusted to an officer of the court, until the jury is discharged, "the officer may inquire whether the jury has reached a verdict, but shall not" communicate any jury conduct matter to anyone except the judge or communicate or permit communication with the jurors except pursuant to court order.
It is clear from defense counsel's statement that the bailiff had asked the jurors whether they had reached a verdict and was told that "they were close." R.C. 2945.33 and Crim.R. 24(G)(4) expressly authorize that type of inquiry. See State v. Hutchinson
(Aug. 14, 1998), Montgomery App. No. 16890, unreported; State v.Thomas (July 26, 1995), Athens App. No. 94CA1608, unreported, reversed in part on other grounds (1997), 77 Ohio St.3d 323,673 N.E.2d 1339. Therefore, the trial court did not err in overruling Satterfield's motion for a mistrial without holding a hearing.
The fourth assignment of error is overruled because the record does not demonstrate any confusion on the part of the jury about the renumbering of the counts in the indictment. The renumbering occurred before the jury was selected.
The fifth assignment of error, which alleges that the trial court erred in sentencing Satterfield to the maximum term of imprisonment for felonious assault, and in ordering that sentence to be served consecutively to the sentence imposed for a community-control violation in another case, is overruled.
Pursuant to R.C. 2929.14(C), the trial court may impose the maximum sentence if it finds that the offender has committed the worst form of the offense or that the offender poses the greatest likelihood of recidivism. See State v. Edmondson (1999),86 Ohio St.3d 324, 715 N.E.2d 131; State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
R.C. 2929.14(E)(4) provides criteria for the imposition of consecutive sentences. The trial court must find that consecutive sentences are necessary to protect the public or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. In addition, the court must find that the offender was under some form of court control when he committed the offenses, that the physical harm he caused was so great or unusual that a single term would not satisfy the seriousness factor, or that his criminal history indicates a need to protect the public. See State v. Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported; State v. Stone (Feb. 26, 1999), Hamilton App. No. C-980382, unreported; State v. Williams
(Jan. 29, 1999), Hamilton App. Nos. C-980356 and C-980357, unreported; State v. Johnson (Oct. 23, 1998), Hamilton App. Nos. C-980013 and C-980014, unreported. When the trial court imposes consecutive sentences, it must make findings that give specific reasons for selecting consecutive sentences. Id. The sentencing statutes do not "require talismanic words from the sentencing court" as long as the reasons for the sentences are apparent from the record. See State v. Parsons, supra; State v. Williams,supra; State v. Beasley (Mar. 26, 1999), Hamilton App. No. C-980535, unreported; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported.
In giving Satterfield the maximum sentence for felonious assault and making that sentence consecutive to the one imposed for the community-control violation, the trial court found that Satterfield (1) had viciously beaten the female victim of the felonious assault with a brick, causing serious physical harm; (2) was on community control at the time of the offense; (3) had prior unsuccessful probation or parole; (4) had a history of violent offenses; (5) was a "dangerous man;" (6) showed no remorse; (7) posed a great risk of recidivism; and (8) had committed the worst form of the offense. Taking into consideration all these facts, we hold that the trial court made sufficient findings to impose a maximum, consecutive sentence. We do not clearly and convincingly find that the record does not support the sentence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.